UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BONNIE ANN BUSSIERE-BERMEO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APRIL WALL,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-CV-00274-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Bonnie Ann Bussiere-Bermeo's ("Bussiere-Bermeo") failure to file an amended complaint curing the deficiencies outlined in the Court's screening order. (ECF No. 3.) For the reasons discussed below, the Court recommends that this case be dismissed without prejudice.

Bussiere-Bermeo, acting *pro se*, filed the instant lawsuit alleging violations arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634. (*See* ECF No. 4.) On July 25, 2022, this Court issued a screening order dismissing the complaint with leave to amend and directed Bussiere-Bermeo to file an amended complaint within thirty days. (ECF No. 3.) The thirty-day period has now expired, and Bussiere-Bermeo has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

---

[1]　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Bussiere-Bermeo to file an amended complaint within thirty days expressly stated that if: "Bussiere-Bermeo chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court will issue a report and

recommendation that this action be dismissed." (ECF No. 3 at 6.) Thus, Bussiere-Bermeo had adequate warning that dismissal would result from her noncompliance with the Court's order to file an amended complaint within thirty days.

It is therefore recommended that this action be dismissed without prejudice based on Bussiere-Bermeo's failure to file an amended complaint in compliance with this Court's July 25, 2022 screening order (ECF No. 3).

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

I.   **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this action be dismissed without prejudice based on Bussiere-Bermeo's failure to file an amended complaint in compliance with this Court's July 25, 2022 screening order (ECF No. 3); and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: August 29, 2022.

UNITED STATES MAGISTRATE JUDGE